# United States Court of Federal Claims
No. 13-407 C
November 22, 2013
UNPUBLISHED

---

**ROBERT E. COTNER,**

        *Plaintiff*,

v.

**UNITED STATES OF AMERICA,**

        *Defendant.*

---

*Robert E. Cotner*, Granite, OK, *pro se* plaintiff.

*Eric E. Laufgraben*, U.S. Department of Justice, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

Before this court is plaintiff's motion for leave to proceed *in forma pauperis*. Defendant opposes this motion contending that plaintiff's status as a prisoner in the Oklahoma State Reformatory with a history of filing frivolous complaints, as a matter of law, bars plaintiff from proceeding without paying this court's filing fee in full.

The Prison Litigation Reform Act of 1996, commonly referred to as the "three strikes" provision, prohibits an incarcerated person from proceeding *in forma pauperis* when that individual has filed three or more actions or appeals which were dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Nevertheless, prisoners under "imminent danger of serious physical injury" are exempt. *Id.*

Plaintiff has filed more than three actions that have been dismissed as frivolous. *See, e.g., Cotner v. Campbell*, 618 F. Supp. 1091, 1097 (E.D.Ok. 1985); *Cotner v. Oklahoma National Guard*, No. 83-174-C (E.D.Ok. 1983); *Cotner v. F.B.I.*, 2009 WL 3335063 (D.N.J. Oct. 15, 2009); *Cotner v. Oklahoma Bar Association,* No. 83–63–C (E.D.Ok. 1983). Thus, application of the Prison Litigation Reform Act of 1996 bars plaintiff from proceeding *in forma pauperis* unless he demonstrates he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Complaints filed *pro se* are "to be liberally construed" under "less stringent standards then formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, plaintiff's pleading obligation "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must allege facts demonstrating his claims "above the speculative level." *Id.* at 555.

Although plaintiff alleges, *inter alia*, that he is the subject of a government conspiracy, the complaint is bereft of sufficient facts to "plausibly suggest" he is in imminent danger. *Twombly* at 556. Plaintiff simply alleges that he is in imminent danger and that several of his family members have been murdered in attempts to prevent a government conspiracy from being revealed. Cmpl. at 1; Cmpl. Ex. 8. Such bald faced allegations are not sufficient to plausibly suggest that plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To be sure, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…" cannot sustain plaintiff's complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the court finds plaintiff is not exempt from the Prison Litigation Reform Act of 1996 and, therefore, is not excused from the court's filing fee.

In consideration of the above, plaintiff's MOTION to proceed *in forma pauperis* is hereby DENIED. Accordingly, plaintiff SHALL SUBMIT to the Clerk of the U.S. Court of Federal Claims, by Monday, December 23, 2013, the $400 FEE for filing his Complaint. If plaintiff fails to submit the $400 filing fee by December 23, 2013, the Clerk is hereby directed to take the necessary steps to dismiss this matter without prejudice.

**IT IS SO ORDERED**.

s/ *Lawrence J. Block*
Lawrence J. Block
Judge